IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CITY OF HIALEAH EMPLOYEES'** | : | |
| **RETIREMENT SYSTEM,** on behalf of | : | |
| itself and others similarly situated, | : | |
| | : | Case No. 2:24-cv-03132 |
| Plaintiffs, | : | |
| | : | Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| **SCOTTS MIRACLE-GRO COMPANY, et al.** | : | |
| | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **CITY OF INKSTER POLICEMEN AND** | : | |
| **FIREMEN RETIREMENT SYSTEM,** | : | |
| on behalf of itself and others | : | |
| similarly situated, | : | Case No. 2:24-cv-03766 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| **SCOTTS MIRACLE-GRO COMPANY, et al.** | : | |
| | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before this Court on the motion to consolidate and appoint lead counsel (the "Motion"). The Motion was filed in the above captioned cases by the Employees Retirement System of the City of St. Louis and the Detectives Endowment Association Annuity Fund (together the "Public Funds"). (2:24-cv-03132, ECF No. 16; 2:24-cv-03766, ECF No. 6). Specifically, the Motion seeks to consolidate the above captioned cases: *City of Hialeah Employees' Retirement System v. The Scotts MiracleGro Company, et al.*, No. 2:24-cv-03132 (S.D. Ohio) (the "*Hialeah* Action"), and *City of Inkster Policemen and Firemen Retirement System v. Scotts Miracle-Gro*

1

*Company et al.*, Case No. 2:24-cv-03766 (S.D. Ohio) (the "*Inkster* Action"). For the reasons set forth below, this Court **GRANTS** the Motion.

## I. BACKGROUND

The actions Public Funds seeks to consolidate are presently pending before this Court. The *Hialeah* Complaint was filed on June 6, 2024, and seeks to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule l0b-5 promulgated thereunder. (2:24-cv-03132, ECF No. 1 ¶ 1). It is a class action on behalf of those who purchased The Scotts Miracle-Gro Company ("Scotts") common stock between November 3, 2021, and August 1, 2023, inclusive, against Scotts and certain of its officers and executives. (*Id.*). The *Inkster* Complaint was filed on July 26, 2024. (2:24-cv-03766, ECF No. 1 ¶ 1). Like *Hialeah*, it is a class action seeking to pursue remedies under the Exchange Act and SEC Rule l0b-5. (*Id.*). This class action, however, is on behalf of those who purchased Scotts common stock between June 2, 2021, and August 1, 2023. (*Id.*).

In *Inkster*, Plaintiff Stanley J. Marks filed a Motion to Consolidate. (2:24-cv-03766, ECF No. 5). Similarly, in *Hialeah*, Plaintiff Stanley J Marks and Wayne County Employees Retirement System filed Motions to Consolidate (2:24-cv-03132, ECF Nos. 14, 15). These motions were subsequently withdrawn and Public Funds' Motion for consolidation of the *Hialeah* Action and *Inkster* Action stands unopposed. (2:24-cv-03766, ECF Nos. 7, 8; 2:24-cv-03132, ECF Nos. 17, 18, 19).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 42(a), if actions before a court involve a common question of law or fact, the court has the discretion to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary

2

cost or delay. The underlying objective of consolidation "is to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). The Court must take care "that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

### III. LAW & ANALYSIS

For purposes of Rule 42 consolidation, questions of law and fact need not be identical. *MacLean v. Evans, Mechwart, Hambleton & Tilton, Inc.*, No. 2:09-CV-521, 2009 WL 2983072, at *2 (S.D. Ohio Sept. 14, 2009) ("[T]hese cases involve many of the same facts and legal issues . . . and that is enough to justify consolidation.") (internal quotation marks and citations omitted). Rule 42 gives the Court discretion to consolidate as long as there are some common questions of law or fact. *Id*.

The *Inkster* Action and *Hialeah* Action involve some of the same parties. Specifically, the named defendants in both cases are Scotts and executives/officers James Hagedorn, Christopher J. Hagedorn; Matthew E. Garth; David C. Evans; and Cory J. Miller. While the cases involve different time periods, they both are federal securities class actions seeking remedies for those who purchased Scotts common stock. Overall, this Court finds there is significant overlap in law and fact between the cases, which strongly supports consolidation.

The Court next turns to the question of whether specific risks of prejudice and possible confusion are overborne by the savings of litigant and judicial resources achieved by consolidation. Factors that may cause prejudice and confusion include complex legal theories and factual proof. *See Choi v. Stevenson Co.*, No. 3:08–CV–0057–S, 2011 WL 1625055 (W.D. Ky. Apr. 28, 2011). Absent prejudice, consolidation is usually the most efficient method of adjudicating cases

3

arising from common law or fact. *MacLean*, 2009 WL 2983072, at *1. Efficiency is determined by the need to analyze issues common to all parties, overlap in discovery, witnesses, and evidence. *Id*. at *2. Here, consolidation was unopposed and both cases are already pending before this Court. This Court finds that consolidation of the *Inkster* Action and *Hialeah* Action will be the most efficient method of adjudicating these related matters and will not unfairly prejudice any parties or cause any significant confusion. Therefore, this Court **GRANTS** the Motion to Consolidate. (2:24-cv-03132, ECF No. 16; 2:24-cv-03766, ECF No. 6).

## IV.     CONCLUSION

For the reasons set forth above, this Court **GRANTS** the Motion to Consolidate. (2:24-cv-03132, ECF No. 16; 2:24-cv-03766, ECF No. 6). Accordingly, the *Inkster* Action (2:24-cv-03766) and *Hialeah* Action (2:24-cv-03132) are **CONSOLIDATED**. This Court hereby orders:

- The consolidated action will be captioned: *In re The Scotts Miracle-Gro Company Securities Litigation*, Case No. 2:24-cv-03132-ALM-CMV.

- The Public Funds are **APPOINTED** to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the consolidated action.

- The Public Funds' selection of counsel is **APPROVED**, and Saxena White P.A. and Barrack, Rodos & Bacine are **APPOINTED** as Lead Counsel for the Class, and Strauss Troy Co., LPA is **APPOINTED** as Liaison Counsel for the Class.

- The pending Motions to Consolidate by Plaintiff Stanley J. Marks and Wayne County Employees Retirement System which were later withdrawn are **DENIED as moot**. (2:24-cv-03766, ECF No. 5; 2:24-cv-03132, ECF Nos. 14, 15).

**IT IS SO ORDERED.**

                                                                 **ALGENON L. MARBLEY**
                                                                  **UNITED STATES DISTRICT JUDGE**

**DATED:  March 3, 2025**