**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE THE SCOTTS MIRACLE-GRO COMPANY SECURITIES LITIGATION | Case No. 2:24-cv-03132-ALM-CMV<br><br>Judge Algenon L. Marbley<br><br>Magistrate Judge Chelsey M. Vascura |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY**

Geoffrey J. Ritts (0062603)
Connor F. Lang (0100348)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
gjritts@jonesday.com
clang@jonesday.com

Marjorie P. Duffy (0083452)
H. Cole Hassay (0101116)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH  43215-2792
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198
mpduffy@jonesday.com
hhassay@jonesday.com

Jeffrey J. Jones (0030059)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI  48226-4438
Telephone:  (313) 733-3939
Facsimile:  (313) 230-7997
jjjones@jonesday.com

*Attorneys for Defendants*

After Defendants laid bare the weaknesses of Plaintiffs' arguments, Plaintiffs now seek leave to try to rehabilitate those arguments with a sur-reply.  But "[s]ur-replies are generally a highly disfavored practice" and are permissible only upon a showing of good cause.  *Cheree-Combsez v. Otterbein Senior Life - Maineville*, 2025 WL 2605831, at *2 (S.D. Ohio Sept. 9, 2025); *see also* S.D. Ohio Civ. R. 7.2(a)(2).  Plaintiffs fail to demonstrate good cause because, to start, Defendants raised no new legal or factual arguments in their reply brief in support of the motion to dismiss.  Beyond that, Plaintiffs' proposed sur-reply includes arguments they could have made in their opposition.  The Court should deny Plaintiffs' Motion for Leave.

## ARGUMENT[1]

### I.    DEFENDANTS' REPLY RAISED NO NEW GROUNDS.

The Court should deny Plaintiffs' Motion for Leave because the Defendants' reply brief raised no "new legal or factual arguments."  *Gomez v. Ryan*, 2024 WL 363142, at *2 (S.D. Ohio Jan. 31, 2024) (denying leave to file sur-reply); *see also De Angelis v. Nat'l Ent. Grp. LLC*, 2019 WL 1024954, at *2–3 (S.D. Ohio Mar. 4, 2019) (Marbley, J.) (explaining that sur-replies are limited to addressing new grounds raised in a reply brief and denying leave to file sur-reply).  Rather, the Defendants' reply responded to Plaintiffs' arguments in opposition to points Defendants expressly raised in their opening brief.  (*E.g.*, Reply, ECF 62 at PageID 3237–41; Opp'n, ECF 59 at PageID 3157–60; Br., ECF 54-1 at PageID 757, 787, 792.)  That, of course, "is the purpose of a reply brief."  *Kessling v. Ohio State Univ.*, 2022 WL 17092250, at *3 (S.D. Ohio Nov. 21, 2022) (denying leave to file sur-reply).  Given the absence of any new arguments, the

---

[1] Unless otherwise defined, all capitalized terms have the same meanings as in the Defendants' opening brief in support of their motion to dismiss (ECF 54-1).  All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

sur-reply represents an improper attempt "to take another bite of the apple." *De Angelis*, 2019 WL 1024954, at *2.[2]

Defendants' citations to *Lim v. Hightower*[3] do nothing to change this reality. "Simply citing new case law does not amount to the raising of new arguments." *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 890 (S.D. Ohio 2016) (denying motion to strike arguments in reply brief); *see also William F. Shea, LLC v. Bonutti Rsch., Inc.*, 2011 WL 1256670, at *2 (S.D. Ohio Mar. 31, 2011) (offering additional authority in a reply brief is not tantamount to raising a new argument); *Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020) (collecting cases supporting the same).[4] Plaintiffs admit as much, conceding that "Defendants [rely] on *Lim* in further support of their ***original*** arguments." (Motion for Leave, ECF 63 at PageID 3302.) While *Lim* is a recent decision, Plaintiffs themselves acknowledge that it "presents no fundamental change to pre-existing law" and "affirmed established legal standards." (Sur-Reply, ECF 63-1 at PageID 3309.) Defendants' reliance on *Lim* thus presents no new argument, as *Lim* simply reaffirms that Sixth Circuit courts must consider a relatively broad range of materials when deciding motions to dismiss under the Reform Act—a point the parties already both had an opportunity to address, as noted above. "Thus, there is no reason for a sur-reply." *Gomez*, 2024 WL 363142, at *2.

---

[2] Unlike the Defendants' Reply here, the reply brief in *Goddard v. Allegiance Administrators, LLC* raised new arguments. 2021 WL 184644, at *4 (S.D. Ohio Jan. 19, 2021) (allowing sur-reply).

[3] 2025 WL 2965692 (6th Cir. Oct. 21, 2025).

[4] *Local 295/Local 851 IBT Employer Group Pension Trust & Welfare Fund v. Fifth Third Bancorp.* permitted a sur-reply where the court found that the parties' analyses as to the applicability of a new decision were "largely inconsequential," and where it further found that "nothing" in the sur-reply affected the court's rulings on the defendants' motions to dismiss. 731 F. Supp. 2d 689, 730 (S.D. Ohio 2010). Conversely, here, as the Sixth Circuit admonished, "[c]onsideration of additional materials is ***essential*** in securities-fraud cases." *Lim*, 2025 WL 2965692, at *4.

## II.    THE SUR-REPLY IMPROPERLY RAISES ARGUMENTS PLAINTIFFS COULD HAVE ASSERTED IN THEIR OPPOSITION BRIEF.

The Court should deny the Motion for Leave because a sur-reply is not a vehicle to reprise arguments that Plaintiffs already made, or to debut arguments that they could have made before but did not. *See, e.g.*, *De Angelis*, 2019 WL 1024954, at *3 (rejecting sur-reply when its "entire content . . . could have been filed in [movant's] initial [r]esponse"). Yet Plaintiffs attempt to do just that.

***First***, the proposed sur-reply amounts to an impermissible re-run of arguments Plaintiffs already made in their opposition brief. In the Motion for Leave, Plaintiffs argue that Defendants submitted exhibits to prove the truth of the matters asserted in those documents and to create fact disputes. Plaintiffs already made that exact argument. (*Compare* Sur-Reply, ECF 63-1 at PageID 3310–12, 14, *with* Opp'n, ECF 59 at PageID 3157–60.) Plaintiffs also repeat their arguments about the permissibility of considering Forms 4. (*Compare* Sur-Reply, ECF 63-1 at PageID 3311–12, *with* Opp'n, ECF 59 at PageID 3159.) They again rely on *In re Upstart Holdings, Inc. Sec. Litig.*, which they cited repeatedly before. (*Compare* Sur-Reply, ECF 63-1 at PageID 3309, 3312, *with* Opp'n, ECF 59 at PageID 3157–59.)[5] These recycled arguments do not justify a sur-reply. *See, e.g.*, *De Angelis*, 2019 WL 1024954, at *3 (denying leave to file sur-reply after reasoning the movant "specifically addressed" a sur-reply argument in its initial response).[6] And in any event, Plaintiffs' recycled arguments remain wrong.

---

[5] Plaintiffs continue to ignore the overwhelming number of in-circuit authorities considering exhibits similar to those that Defendants submit. (*E.g.*, Reply, ECF 62 at PageID 3239 (collecting cases).) The Court should follow this well-worn path and decline to follow Plaintiffs' approach, which invites the Court to blind itself—an approach this Court had rightly refused to embrace. (Reply, ECF 62 at PageID 3241.)

[6] On this point, the Motion for Leave differs from the granted motion in *A.G. ex rel. Gibson v. Board of Education of Winton Woods City School District* that Plaintiffs reference. (Motion for Leave, ECF 63 at Page ID 3303 (citing 632 F. Supp. 3d 771, 775–76 (S.D. Ohio 2022)).) Unlike Plaintiffs here, the *A.G.* plaintiffs asserted new arguments in a proposed sur-reply in the wake of a new Sixth Circuit opinion that changed applicable law such that the court ordered supplemental briefing. *See* Pls.' Suppl. Mem. in Opp.

Defendants did not submit exhibits to prove the truth of matters asserted in the documents or to create a fact dispute, as Defendants explained.  (Reply, ECF 62 at PageID 3239–31.)  Rather, Defendants submitted exhibits to show the context of the challenged statements because caselaw recognizes and teaches that context is "relevant in determining whether Defendants misled the public given the totality of the available information."  *Lim*, 2025 WL 2965692, at *5.  In particular, the exhibits inform the Court of what Scotts actually disclosed, and of omissions in the Complaint, which "count against inferring scienter." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 326 (2007).  For example, the exhibits demonstrate Plaintiffs' failure to square their allegations with Defendants' repeated warnings about risks and uncertainties.  (*E.g.*, 2021 10-K, ECF 54-29 at PageID 1768 (disclosing COVID-related risks); Q3 22 Earnings Tr., ECF 54-43 at PageID 2219 (describing regulatory challenges); Q2 23 10-Q, ECF 54-57 at PageID 2676 (reporting supply chain effects of Ukraine war).)  The exhibits also highlight Plaintiffs' failure to challenge any aspect of Scotts' revenue recognition, a yawning gap in Plaintiffs' channel-stuffing theory.  (Br., ECF 54-1 at PageID at 797–800; *see also* Reply, ECF 62 at PageID at 3264–65.) They underscore the Complaint's failure to plead particularized facts giving rise to a strong scienter inference, given Plaintiffs' inability to explain why Defendants would have accumulated Scotts shares over the class period if they knew the stock price was artificially inflated—only to suffer significant losses later.  (Br., ECF 54-1 at PageID 786–88; Reply, ECF 62 at PageID at 3256–58.)

As for the Forms 4 reflecting the Defendants' increased shareholdings, Plaintiffs argue the *Lim* court took judicial notice of Forms 4 only because the complaint incorporated them by reference.  (Sur-Reply, ECF 63-1 at PageID at 3312.)  But that mischaracterizes *Lim*'s record.  The

---

to Def.'s Motion for Partial Summ. J., No. 19-cv-00681, at PageID 542–47 (S.D. Ohio June 29, 2021), Dkt. 44-2; *see also* Notation Order, No. 19-cv-00681, (S.D. Ohio Mar. 1, 2022).

operative complaint in *Lim* referenced only **two** Forms 4.  *See* Am. Class Action Compl., *Lim v. Hightower*, No. 23-cv-01454, at PageID 798–800, ¶¶ 178, 180 (N.D. Ohio Dec. 29, 2023), Dkt. 31.  Nevertheless, the Sixth Circuit affirmed the district court's consideration of **three** Forms 4 and reasoned these documents showed the complaint was "doomed" for failure to plead scienter.  *See Lim*, 2025 WL 2965692, at *5, *12.  The Form 4 exhibits here likewise weigh heavily against a scienter inference.

**Second**, the Motion for Leave should be denied because Plaintiffs' proposed sur-reply impermissibly seeks to fix shortcomings in their opposition.  "A sur-reply is not an opportunity for a party to reargue its response brief."  *Fyda Freightliner Cincinnati, Inc. v. Daimler Vans USA LLC*, 2022 WL 2073394, at *2 (S.D. Ohio June 9, 2022) (denying leave to file sur-reply).  The civil rules "do not allow Plaintiff[s] to rewrite [the] response brief once Defendant[s] file[] a reply demonstrating its deficiencies."  *McDonald v. Exeter Fin. LLC*, 2023 WL 6295180, at *1 (D. Ariz. Sept. 27, 2023).

Yet that is what Plaintiffs seek to do, starting with their belated argument that they disputed Defendants' arguments regarding disclosures of soft information.  (Sur-Reply, ECF 63-1 at PageID at 3313.)  As clearly set forth in their opening brief, Defendants argued that, because Plaintiffs challenge only disclosures of soft information, a strong inference of actual knowledge of falsity is required.  (Br., ECF 54-1 at PageID 773–75.)  Plaintiffs did not respond to this argument in their opposition.  (Reply, ECF 62 at PageID at 3242.)  Now, after the reply brief pointed out their waiver, Plaintiffs attempt to gloss over it in a footnote.  (Sur-Reply, ECF 63-1 at PageID at 3313 n.3.)  But even as they insist that the Opposition "explains in detail that many of Defendants' misstatements are objectively verifiable" (*id.*), the pages Plaintiffs cite never even mention the objectively verifiable standard.  (Opp'n, ECF 59 at PageID 3178–79.)  In fact, the cited pages do

not even appear within Plaintiffs' scienter arguments. (*Id*.) Plaintiffs likewise wrongly seek to cure their failure to respond to Defendants' arguments regarding inactionable opinions. (Reply, ECF 62 at PageID 3269–70.) Defendants clearly identified every challenged statement that is an inactionable opinion, giving Plaintiffs ample opportunity to respond. (Br., ECF 54-1 at PageID 814–18; Ex. A, ECF 54-2.) Plaintiffs must rest on the arguments they actually made in the opposition, and the Court should reject Plaintiffs' revisionist framing of what they did (and did not) argue.[7]

Finally, Plaintiffs impermissibly seek to use the proposed sur-reply to correct the misleading error in their temporal proximity argument under *Helwig*'s third factor. (Reply, ECF 62 at PageID 3259.) Sur-replies are limited to addressing new grounds raised in a reply brief, not to fix errors in opposition briefs. *E.g.*, *De Angelis*, 2019 WL 102495, at *2. After admitting that "Defendants' Reply accurately identifies an error in the Opposition," Plaintiffs try to change the subject by pointing at other statements.[8] (Sur-Reply, ECF 63-1 at PageID 3314.) The Court should reject Plaintiffs' effort to turn their misleading mistake into a platform for trying to salvage their deficient position on *Helwig*'s third factor.

## CONCLUSION

For the reasons set forth above, the Court should deny Plaintiffs' Motion for Leave.

---

[7] Without citing any page in Defendants' reply, Plaintiffs wrongly assert that Defendants argued "*Lim* created a narrower definition of what constitutes 'hard information' in the Sixth Circuit" presumably to justify their sur-reply. (Sur-Reply, ECF 63-1 at PageID 3309). However, Defendants never made such an argument, and Plaintiffs citation-less argument provides no basis to grant the Motion for Leave.

[8] Even if the Court accepted Plaintiffs' improper attempt to correct the Opposition, Plaintiffs still cannot explain how the newly referenced statements on May 3, 2022 are inconsistent with the Company's updated guidance on June 8, 2022 based on developments that occurred after "***mid-May***" of 2022. (*See* 6/8/22 Press Release, ECF 54-38 at PageID 2130.)

Dated:  December 12, 2025

Respectfully submitted,

*/s/ Geoffrey J. Ritts*
Geoffrey J. Ritts (0062603)
Connor F. Lang (0100348)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
gjritts@jonesday.com
clang@jonesday.com

Marjorie P. Duffy (0083452)
H. Cole Hassay (0101116)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH  43215-2792
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198
mpduffy@jonesday.com
hhassay@jonesday.com

Jeffrey J. Jones (0030059)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI  48226-4438
Telephone:  (313) 733-3939
Facsimile:  (313) 230-7997
jjjones@jonesday.com

*Attorneys for Defendants*

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will notify all counsel of record.


/s/ Geoffrey J. Ritts
Geoffrey J. Ritts (0062603)

*One of the Attorneys for Defendants*