**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE THE SCOTTS MIRACLE-GRO COMPANY SECURITIES LITIGATION | Case No. 2:24-cv-03132-ALM-CMV <br><br> Judge Algenon L. Marbley <br><br> Magistrate Judge Chelsey M. Vascura |

**NOTICE OF SUPPLEMENTAL**
**AUTHORITY IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE CONSOLIDATED CLASS ACTION**
<u>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**</u>

Geoffrey J. Ritts (0062603)
Connor F. Lang (0100348)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
gjritts@jonesday.com
clang@jonesday.com

Marjorie P. Duffy (0083452)
H. Cole Hassay (0101116)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH  43215-2792
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198
mpduffy@jonesday.com
hhassay@jonesday.com

Jeffrey J. Jones (0030059)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI  48226-4438
Telephone:  (313) 733-3939
Facsimile:  (313) 230-7997
jjjones@jonesday.com

*Attorneys for Defendants*

Defendants submit this notice of supplemental authority to advise the Court of the Sixth Circuit's precedential opinion on January 21, 2026 affirming dismissal of a securities class action in *Newtyn Partners, LP v. Alliance Data Systems Corp.*, -- F.4th -- , 2026 WL 161422 (6th Cir. 2026).[1]  A copy is attached as Exhibit A.

In *Alliance Data Systems*, the Sixth Circuit affirmed Judge Edmond A. Sargus, Jr.'s Opinion and Order dismissing the plaintiffs' complaint alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder, *Newtyn Partners LP v. All. Data Sys. Corp.*, 2025 WL 872967 (S.D. Ohio Mar. 20, 2025), which Defendants cited in their Opening and Reply Briefs in support of their motion to dismiss.  (*See* Opening Br., ECF No. 54-1 at PageID 788, 812, 818; Reply Br., ECF No. 62 at PageID 3272 n.30.).  The Sixth Circuit's reasoning confirms that this Court should dismiss Plaintiffs' Complaint with prejudice.

First, the Sixth Circuit reiterated that courts should consider the full context of SEC filings when deciding motions to dismiss, particularly Forms 4:

- "[Plaintiffs'] request that we ignore the Forms 4 as unfit for judicial notice, is at odds with the understanding that we generally consider the full text of SEC filings even if not attached to the complaint when deciding Rule 12(b)(6) motions." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *13 (cleaned up).

- "And Forms 4—mandatory filings that reflect a corporate insider's stock purchases— seem more than appropriate to account for when evaluating defendants' scienter." *Id.* (collecting cases).

This on-point guidance undercuts Plaintiffs' invitation for the Court to ignore the SEC filings Defendants submitted in support of the motion to dismiss.  (Opp'n, ECF No. 59 at PageID 3157– 3160.)

---

[1] Unless otherwise defined, all capitalized terms have the same meanings as in the Defendants' opening and reply memoranda in support of their motion to dismiss, ECF Nos. 54-1 ("Opening Br.") & 62 ("Reply Br.").  All internal citations and quotations are omitted, and all emphases are added unless otherwise noted.

Second, the Sixth Circuit determined the plaintiffs failed to plead scienter, with many of the allegations at issue there analogous to those here:

- "But [the defendant']s hindsight account [in a later declaration for a bankruptcy proceeding] of what did happen says little about what [he] thought would happen." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *13. "[T]hat things did not work out for Loyalty does not mean defendants knew the company would fail, let alone that they intended to defraud its investors." *Id.* at *14. (*See* Opening Br. at Section II.C.4; Reply Br. at Section II.A.3.)

- Where the plaintiffs pled facts that suggested a third party was likely to exit an agreement at the center of the alleged omissions, the facts pled did not support scienter because the plaintiff "d[id] not allege that defendants knew as much at the time." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *11. (*See* Opening Br. at Sections II.C.2–3; Reply Br. at Sections II.A.1–2.)

- "The 'divergence' factor gestures if at all only weakly toward an inference of scienter" where the plaintiff did "not claim that defendants provided inaccurate quarterly financial reports," making it "difficult to believe that defendants intended to conceal the significance of [partner] departures while fully disclosing their economic effects." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *12. (*See* Opening Br. at Sections II.C.2, II.D.2; Reply Br. at Sections II.A.1, II.B.2.)

- "Defendants' stock holdings," including purchases of shares and the former parent company retaining a 19 percent stake in the defendant company after a spinoff, "would make little sense if defendants believed [the] stock was destined to crater." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *12. (*See* Opening Br. at Section II.D.1; Reply Br. at Section II.B.1.)

- The plaintiff failed to plead that loss of a customer was preordained and therefore that the defendants had to disclose it before the customer exited, because "it [wa]s just as likely (if not more) that" the defendants believed they could win the customer back. *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *11. (*See* Opening Br. at Sections II.C, II.E; Reply Br. at Sections II.A, II.C.)

Likewise, as discussed in Section II of the Opening Brief and Section II of the Reply Brief, Plaintiffs rely on hindsight and fail to contend with why the Defendants would accumulate shares and the Hagedorn family would continue to own nearly a quarter of Scotts' stock if it was bound to crater.

Finally, the Sixth Circuit held statements inactionable that are similar to statements before the Court here:

- The defendants' description of their client base as "stable" and that they had "maintained deep, long-standing relationships" amounted "to little more than the type of puffery that is ubiquitous in the corporate world." *All. Data Sys.*, -- F.4th - - , 2026 WL 161422, at *5. "These are the sorts of 'loosely optimistic' and 'rosy affirmation[s]' upon which no reasonable investor would rely." *Id.* at *6 (alteration in original). (*See* Opening Br. at Section III.D; Reply Br. at III.E; *see, e.g.*, Chart of Alleged Misstatements, ECF No. 54-2 at PageID 852, Row 72 ("Overall, we are in a stable place and are well prepared to execute on our full-year plan."), PageID 860, Row 88 ("We're in an enviable position because no one else is doing what we're doing in this space[.]"); *see generally* Chart of Alleged Misstatements, ECF No. 54-2 (identifying statements that should be dismissed as inactionable puffery).)

- "[N]othing in our securities jurisprudence demands that corporations treat every glass as half empty." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *5. (Opening Br. at Section III.C; Reply Br. at Section III.C.)

- "[The plaintiffs'] gripe seemingly boils down to the fact that [the defendant] did not take a gloomy, fearful, or defeatist view of [the] future. But optimism alone is not a fair basis for asserting securities fraud." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *8. (Opening Br. at Section III.C; Reply Br. at Section III.C.)

- "Generally speaking, a company's disclosure of accurate historical data typically does not give rise to liability even if less favorable results might be predictable in the future." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *6. (Opening Br. at Section III.A.2.)

- "[The] defendants' accurate portrayals of the status of [the] business at the time would not have misled a reasonable investor as to potential termination or modification of its contracts." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *6. (cleaned up). (Opening Br. at Section III.A.2.)

- "To the extent one can view the remark about the deep relationship Loyalty has maintained with Sobeys as forward-looking, defendants coupled it with meaningful cautionary language." *All. Data Sys.*, -- F.4th -- , 2026 WL 161422, at *7 (cleaned up). (Opening Br. at Section III.B; Reply Br. at Section III.D.)

The same reasoning applies to the statements Defendants have argued should be dismissed as inactionable puffery, opinions, accurate disclosures of historical facts, and forward-looking

statements.  (*See* Opening Br. at Section III; Reply Br. at Section III; Chart of Alleged Misstatements, ECF No. 54-2.)

For these reasons, and the others set forth in their briefs, Defendants respectfully submit that the Complaint must be dismissed.

Dated:  February 10, 2026

Respectfully submitted,

*/s/ Geoffrey J. Ritts*
Geoffrey J. Ritts (0062603)
Connor F. Lang (0100348)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
gjritts@jonesday.com
clang@jonesday.com

Marjorie P. Duffy (0083452)
H. Cole Hassay (0101116)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH  43215-2792
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198
mpduffy@jonesday.com
hhassay@jonesday.com

Jeffrey J. Jones (0030059)
JONES DAY
150 West Jefferson, Suite 2100
Detroit, MI  48226-4438
Telephone:  (313) 733-3939
Facsimile:  (313) 230-7997
jjjones@jonesday.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 10, 2026, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will notify all counsel of record.


/s/ *Geoffrey J. Ritts*
Geoffrey J. Ritts (0062603)

*One of the Attorneys for Defendants*